UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS DUSKIN,

                Petitioner,                    CIVIL ACTION NO. 04-40028

           v.                       DISTRICT JUDGE PAUL V. GADOLA

HUGH WOLFENBARGER,              MAGISTRATE JUDGE VIRGINIA M. MORGAN

                Respondent.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

        Petitioner Douglas Duskin was convicted by a jury in the Circuit Court for the County of Wayne, State of Michigan, of second-degree murder, MCL 750.317, felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony, MCL 750.227b.  He was sentenced to twenty-five to forty years' imprisonment for the murder conviction, two to four years' imprisonment for the assault conviction, and two years' imprisonment for the felony-firearm conviction.  The Michigan Court of Appeals affirmed petitioner's conviction and sentence.  People v. Duskin, 2002 WL 991675 (Mich.App., May 10, 2002).  The Michigan Supreme Court denied petitioner's delayed application for leave to appeal.  People v. Duskin, 467 Mich. 932, 655 N.W.2d 563 (Table)(Mich. 2002).  Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The district court referred the matter to this court for

Report and Recommendation.  For the reasons stated below, the court recommends that

petitioner's application for a writ of habeas corpus be denied.

## II.  Factual Background

The basic facts of this matter, as set forth in the Michigan Court of Appeals' opinion

affirming petitioner's conviction and sentence, are as follows:

> On October 6, 1998, during the early evening hours, the victim, Dewunn Carter and his friend, Anthony Copeland, decided to eat at the Omega Coney Island located in the city of Detroit.  The victim and Copeland were there approximately an hour and a half when an individual driving a purple Monte Carlo with gold rims drove past the restaurant.  Thereafter, according to Copeland, defendant and one of defendant's friends entered the restaurant.  At this time, the victim and Copeland were standing by the juke box near the men's bathroom.  Copeland testified that when defendant entered the restaurant, he approached the victim and the two renewed a previous "on-going" dispute.[1]
>
> > [1]The record is not clear as to the subject of the "dispute" between defendant and the victim.  However, the testimony adduced at trial indicated that the on-going dispute revolved around the fistfight between the victim and defendant at Fairlane Mall "quite awhile" before the October 6, 1998 fatal shooting occurred.
>
> According to Copeland, after defendant approached the victim and the two exchanged harsh words, the victim stated "if you got a gun pull it, if you don't we going to scrap."  Defendant pulled out his gun and fatally shot the victim in the back as he ran toward the bathroom.  The jury convicted defendant of second degree murder, felonious assault and possession of a firearm during the commission of a felony.

Duskin, 2002 WL 991675, at *1.

Following his conviction, petitioner appealed on the following grounds: (1) the trial court erred in failing to *sua sponte* instruct the jury on involuntary manslaughter, (2) the trial court erred in instructing the jury that the prosecution had called witnesses to rebut testimony presented by the defense regarding plaintiff's reputation for peacefulness, (3) the trial court erred in admitting evidence regarding the use of "street names," (4) the trial court erred in giving a flight instruction, and (5) defendant's sentence was grossly disproportionate.  He seeks habeas relief on these same grounds.

**III.  Standard of Review**

A petition for a writ of habeas corpus is the exclusive federal remedy available to a state prisoner who challenges the constitutionality of his confinement.  See 28 U.S.C. § 2254; Prieser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In order to prevail, the petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Review of a habeas corpus petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under the AEDPA, a petition for habeas corpus relief may not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  A state court decision is contrary to federal law "when the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or on indistinguishable facts." <u>Maldonado v. Wilson</u>, 416 F.3d 470, 475 (6th Cir. 2005)(<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000)). A state court decision is an unreasonable application of federal law "when the state court correctly identified the applicable legal principle from Supreme Court precedent, but applied that principle to the facts before it in an unreasonable manner." <u>Id</u>. Where a claim has not been adjudicated on the merits in state court and has not been procedurally defaulted, the court will apply a *de novo* standard of review. <u>Hill v. Mitchell</u>, 400 F.3d 308, 313 (2005). The state court's findings of fact are "presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. <u>Id</u>.

**IV. Petitioner's Claims**

**A. Failure to *Sua Sponte* Instruct on the Elements of Involuntary Manslaughter**

Petitioner first contends that the trial court violated his due process rights in failing to *sua sponte* instruct the jury on the lesser included offense of involuntary manslaughter. The Court of Appeals reviewed the claim for plain error because petitioner did not object to the trial court's failure to give an involuntary manslaughter instruction. The Court concluded that the trial court's failure to give such an instruction did not constitute plain error.

"A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review unless the prisoner can demonstrate cause for noncompliance and actual prejudice arising from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice." <u>Simpson v. Jones</u>, 238 F.3d 399, 406 (6th Cir. 2000); <u>see also</u> <u>Coleman</u>

-4-

v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  As, noted above, the

Michigan Court of Appeals reviewed petitioner's claim under a plain error standard of review

based upon his failure to raise a contemporaneous objection.  Michigan's contemporaneous

objection rule constitutes an independent and adequate state ground sufficient to bar habeas

review.  See Simpson v. Jones, 238 F.3d 399, 409 (6th Cir. 2000); see also Draper v. Adams,

2000 WL 712376 at *9 (6th Cir.(2000)).  Further, the Sixth Circuit has repeatedly held that plain

error review by a state appellate court constitutes the enforcement of a procedural default.  See,

e.g., Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001)("[W]e view a state appellate court's

review for plain error as the enforcement of a procedural default."); Gulertkin v. Tinnelman-

Cooper, 340 F.3d 415, 422-23 (6th Cir. 2003); Grayer v. McKee, 149 Fed.Appx. 435, 441 (6th

Cir. 2005); see also Scott v. Elo, 302 F.3d 598, 604, 605 (6th Cir. 2002).  Thus, the Court of

Appeals' review of petitioner's claim on the merits under a plain error standard does not

constitute a waiver of the procedural default.  Petitioner has not attempted to demonstrate either

cause for his failure to object or actual prejudice arising therefrom, and he has not shown that a

fundamental miscarriage of justice would result if review of the claim on the merits was barred.

Accordingly, the court finds that petitioner's claim is procedurally barred by virtue of his failure

to comply with Michigan's contemporaneous objection rule.

Further, even if petitioner had not procedurally defaulted his jury instruction claim, he

would not be entitled to habeas relief.  In Beck v. Alabama, 447 U.S. 625, 627, 100 S.Ct. 2382,

65 L.Ed.2d 392 (1980), the Supreme Court held that in capital cases, due process requires a trial

court to instruct on a lesser included offense supported by the evidence.  However, the Supreme

Court has not extended its holding to non-capital cases.  Thus, petitioner cannot demonstrate that the Michigan Court of Appeals adjudication of the claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.        Further, relief would not be warranted even if the court were to apply a *de novo* standard of review to petitioner's jury instruction claim.  The Sixth Circuit has held that due process does not require a trial court to instruct the jury on a lesser included offense in a non-capital case, even where such an instruction is supported by the evidence.  Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir. 1990); see also Todd v. Stegal, 40 Fed.Appx. 25, 28 (6th Cir. 2002).  Failure to give a lesser included offense instruction may serve as grounds for habeas relief only if "the state court so manifestly and flagrantly violated its own clearly stated law in refusing the requested instruction, that the petitioner was denied due process of law."  Todd, 40 Fed.Appx. at 28 (citing Bagby).  However, the Sixth Circuit has indicated that "such occasions would be rare," and that relief would be warranted under such a theory only where "the failure to give the instruction amounts to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person."  Id.  The matter before the court falls well short of meeting this standard.  Petitioner has failed to demonstrate that the trial court erred as a matter of state law, let alone demonstrate that the failure to give the instruction resulted in a miscarriage of justice.

        For the reasons stated above, the court concludes that petitioner procedurally defaulted his first claim for habeas relief and that he would not be entitled to relief on the claim even if review on the merits was not barred.

**B. Erroneous Instruction Regarding Rebuttal Witnesses**

At trial, petitioner presented witnesses who testified as to his reputation for being a peaceful and law-abiding citizen. The prosecutor cross-examined these witnesses, but offered no rebuttal witnesses. Nonetheless, the trial court gave the following instruction to the jury:

> The prosecutor also called witnesses that testified that the defendant does not have the good character described by defendant's good character evidence. This witness can only be considered by you in judging whether you believe the defendant's character witnesses and whether the defendant had a good character for being peaceful and law abiding. It is not evidence that the defendant committed the crime charged.

Trial Transcript, April 13, 2000, p. 89. Petitioner contends that the trial court erred in giving this instruction in light of the fact that the prosecution did not actually call any rebuttal character witnesses.

As with petitioner's first claim of error, the Michigan Court of Appeals reviewed this claim for plain error based upon petitioner's failure to raise a contemporaneous objection to the offending instruction. Petitioner has not attempted to demonstrate cause for his failure to object or actual prejudice arising therefrom, and he has not shown that a fundamental miscarriage of justice would result if review of the claim on the merits was barred. Accordingly, plaintiff has waived his right to review of the claim in this proceeding.

In addition, review of petitioner's evidentiary claim is barred on the ground that he did not present the issue to the Michigan Court of Appeals as one involving federal law. A petitioner must first exhaust his claims in state court before he may seek habeas relief in federal court based upon those claims. See Stanford v. Parker, 266 F.3d 442, 451 (6th Cir. 2001). In

-7-

order to satisfy the exhaustion requirement, he must "fully and fairly present his claim, as a matter of federal law, to [the] state courts." Id. Where the petitioner has raised the claim in state court as a matter of state law only, the exhaustion requirement is not satisfied. Id. An unexhausted claim may be dismissed without prejudice to permit the petitioner an opportunity to pursue the claim in state court. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002). "However, if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas review." Id. To obtain review of a procedurally defaulted claim, the petitioner must show cause for the default and prejudice arising therefrom, or that a miscarriage of justice would result in the absence of a review of the claim on the merits. Id. at 386.

A review of petitioner's state court appellate brief reveals that he raised this issue as a matter of state law only. Petitioner did not cite any provision of the United States Constitution or any controlling Supreme Court precedent in advancing his claim, and he did not otherwise cite any law or allege facts giving rise to a federal constitutional issue. Indeed, petitioner did not so much as refer to his rights to a "fair trial" and "due process," phrases which, though generally insufficient, are often included in a brief in an attempt to federalize a state law claim. See, e.g., McMeans v. Brigano, 228 F.3d 674, 681-82 (6th Cir. 2000)("General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated."). Accordingly, petitioner did not "fairly present" his claim to the Michigan Court of Appeals as a matter of federal law, and the claim is thus unexhausted. At this juncture, review of the claim in state court would be procedurally barred, necessitating that

-8-

petitioner make a showing of cause and prejudice, or that a fundamental miscarriage of justice would occur if the claim was not examined, in order to obtain review of the claim on the merits.[1] As stated above, petitioner has failed to make any such showing.  Review of the claim is therefore barred.

Further, habeas relief may be granted based upon a jury instruction error only where the offending instruction deprived the petitioner of a fundamentally fair trial.  Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).  The trial court's error in instructing the jury that the prosecution had called rebuttal character witnesses was certainly not so egregious as to deprive petitioner of a fundamentally fair trial.

Accordingly, the court concludes that petitioner has procedurally defaulted this claim and that even if he had not, he would not be entitled to habeas relief.

### C.  Introduction of Evidence Regarding Use of "Street Names"

Petitioner next contends that the trial court erred in admitting testimony regarding the use of "street names" and in admitting evidence that he was known by the street name "Cap."  The Michigan Court of Appeals reviewed the claim for plain error based upon petitioner's failure to raise a contemporaneous objection.  In addition, as with his previous claim, petitioner presented this claim to the Court of Appeals as one involving state law only.  Review of the claim is

---

[1]A Michigan inmate whose direct appeals have been exhausted may seek relief from his conviction under M.C.R. 6.501 *et seq*.  However, M.C.R. 6.508(D)(3) provides that relief may not be granted on any ground that could have been raised on appeal unless the inmate shows cause for the failure and actual prejudice arising therefrom.  Petitioner, clearly could have presented the issue as one involving federal law at the time of his direct appeal, and, as discussed above, he has failed to show cause and prejudice.  Thus, review of the claim would be barred under M.C.R. 6.508(D)(3).

therefore barred absent a showing of cause for, and prejudice arising from, the procedural default, or that a fundamental miscarriage of justice would result if the court did not address the claim on the merits.  Petitioner has not attempted to make such a showing.  Accordingly, review of the claim is barred in this proceeding.  Moreover, a state court evidentiary ruling generally cannot serve as grounds for habeas relief unless the ruling violated "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."  Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003)(citations omitted).  The trial court's admission of evidence regarding the use of street names implicates no fundamental principle of justice.  Accordingly, habeas relief would not be warranted even if petitioner had properly preserved his claim for habeas review.

### D.  Erroneous Flight Instruction

Petitioner also contends that the trial court erred in instructing the jury regarding defendant's flight from the scene of the shooting after the incident.  As with petitioner's previous claims of error, the Michigan Court of Appeals reviewed the claim for plain error based upon petitioner's failure to object to the flight instruction.[2]  Petitioner has failed to demonstrate cause for, or prejudice arising from, his failure to object to the flight instruction, nor has he demonstrated that a fundamental miscarriage of justice would result if review of the claim on the merits was barred.  Accordingly, petitioner has waived his right to habeas review of his flight instruction claim.  Moreover, petitioner has not shown that the instruction deprived him of a

---

[2]The Court of Appeals determined that the flight instruction was both accurate and supported by the evidence and, therefore, that no plain error had occurred.

-10-

fundamentally fair trial.  <u>Henderson</u>, 431 U.S. at 154, 97 S.Ct. 1730.  Thus, he would not be entitled to relief on this claim in any event.

### E.  Proportionality of Sentence

Petitioner was sentenced to 25 to 40 years imprisonment for his second-degree murder conviction.  He contends that his sentence, which was at the high end of, but within, his guideline range under the Michigan Sentencing Guidelines, is grossly disproportionate in light of his age (21 at the time of the murder) and lack of any significant criminal history.[3]  The Michigan Court of Appeals concluded that petitioner's sentence did not violate the rule of proportionality, noting that a sentence within the guidelines range was "presumptively neither excessive or disparate" and that petitioner had "failed to identify any unusual circumstances to overcome the presumptive proportionality of his sentence."  <u>Duskin</u>, 2002 WL 991675, at *5.

In <u>Lockyear v. Andrade</u>, 538 U.S. 63, 72, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court held that for the purposes of 28 U.S.C. § 2254(d)(1), the Court's prior case law clearly established that a "gross disproportionality principle is applicable to sentences for terms of years."  The Court recognized, however, that its prior cases "exhibited a lack of clarity regarding what factors may indicate gross disproportionality."  <u>Id</u>.

In <u>Lockyear</u>, the defendant was sentenced under California's three strikes law to two consecutive terms of imprisonment of 25 years to life for stealing approximately $150 in video tapes.  He argued on appeal that his sentence was grossly disproportionate in violation of the

---

[3]At the time of the murder, petitioner's criminal record consisted of a single misdemeanor conviction.

-11-

Eighth Amendment to the United States Constitution.  The California Court of Appeals determined that the defendant's sentence did not violate the disproportionality principle.  The defendant then petitioned for a writ of habeas corpus.  The district court denied his petition.  However, on appeal, the Ninth Circuit reversed, concluding that the California court had unreasonably applied prior Supreme Court precedent in concluding that the defendant's sentence was not grossly disproportionate.  The Supreme Court reversed the decision of the Ninth Circuit, concluding that the decision of the California Court of Appeal was neither contrary to, nor involved an unreasonable application of, clearly established federal law.

In light of the Supreme Court's holding in Lockyear, the court concludes that the Michigan Court of Appeals adjudication of petitioner's disproportionality claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law.  In Lockyear, the defendant was sentenced to 50 years' imprisonment for a petty offense – the theft of merchandise valued at $150 – involving no use of a weapon and no acts of violence.  In contrast, petitioner was sentenced to a lesser term of imprisonment for shooting and killing an unarmed individual.  If the California court's adjudication of the defendant's proportionality claim did not involve a misapplication of clearly established federal law, then it cannot seriously be questioned that the Michigan Court's of Appeals' adjudication of petitioner's proportionality claim involved no such error considering the gravity of the offense committed by petitioner.

In Friday v. Pitcher, 99 Fed.Appx. 568 (6th Cir. 2005), the Sixth Circuit rejected a habeas petitioner's proportionality claim under circumstances similar to those present in this proceeding.  There, the defendant, an 18 year-old male with no prior record, was convicted of

-12-

second-degree murder for the shooting and killing of another individual following a dispute over

an automobile.  The trial court sentenced the defendant to a term of imprisonment of 25 to 65

years.  The defendant argued in subsequent state court proceedings that his sentence was

disproportionate for a juvenile with no criminal record.  The Michigan Court of Appeals rejected

the claim.  The Sixth Circuit, citing <u>Lockyear</u> and prior Supreme Court precedent, concluded that

the Court of Appeals' adjudication of the defendant's claim was neither contrary, nor involved

an application of, clearly established federal law:  "Petitioner, although a first-time offender,

committed a violent felony without justification.  Furthermore, because he received a lesser-

offense of second-degree murder, parole is a possibility.  In sum, it cannot be said that the

Michigan Court of Appeals decision is contrary to, or an unreasonable application of, clearly

established federal law." <u>Friday</u>, 99 Fed.Appx., at 573-74.  Given the relative similarity of the

facts involved in <u>Friday</u> and in the matter before the court, the same result must obtain.

Accordingly, the court concludes that the Michigan Court of Appeals' adjudication of

petitioner's proportionality claim was neither contrary to, nor involved an unreasonable

application of, clearly established federal law, and, therefore, that he is not entitled to habeas

relief on the grounds of gross disproportionality.

## V.  Conclusion

For the reasons set forth above, the court recommends that petitioner's request for a writ

of habeas corpus be **DENIED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


                                        S/VIRGINIA M. MORGAN
                                        VIRGINIA M. MORGAN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: October 31, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of
record via the Court's ECF System and/or U. S. Mail on October 31, 2006.

-14-

s/Kendra Byrd
Case Manager to
Magistrate Judge Virginia M. Morgan