**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOUGLAS DUSKIN,

                             Petitioner,

                                                    CIVIL CASE NO. 04-40028

v.

HUGH WOLFENBARGER,                       HONORABLE PAUL V. GADOLA
                                                                 U.S. DISTRICT COURT

                             Respondent.
_____/

## ORDER DENYING MOTIONS FOR CERTIFICATE OF APPEALABILITY AND FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

      Before the Court is Petitioner's motions for a certificate of appealability and for permission to proceed on appeal *in forma pauperis*. On October 17, 2007, this Court denied Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a notice of appeal concerning this Court's denial of his habeas petition. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

      A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

The Court initially denied relief on all of Petitioner's claims brought in his habeas corpus petition. Petitioner now seeks a certificate of appealability as to all of his claims. The Court, however, finds that a certificate of appealability is not warranted.

Petitioner's first four claims are barred by procedural default as Petitioner failed to timely object to those matters at trial. Petitioner has also failed to establish cause and prejudice for noncompliance or a resulting fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Reasonable jurists would not find the Court's procedural ruling debatable. *See Slack*, 529 U.S. at 484-85.

Petitioner has also failed to make a substantial showing of the denial of a constitutional right as to his four defaulted claims: the failure of the trial court to instruct the jury on a lesser included offense was not contrary to any clearly established law and did not result in a miscarriage of justice; the jury instruction on rebuttal character witnesses did not deprive Petitioner of a fundamentally fair trial; the trial court's admission of evidence regarding "street names" did not implicate a

fundamental principle of justice; and the jury instruction regarding Petitioner's flight from the scene of the incident did not deprive Petitioner of a fundamentally fair trial. Reasonable jurists would not find that the Court's assessments of Petitioner's claims to be debatable or wrong. *See id.*

Finally, Petitioner has failed to make a substantial showing of the denial of a constitutional right concerning the proportionality of Petitioner's sentence. Contrary to Petitioner's arguments in his motion for a certificate of appealability, the Court did consider Petitioner's proportionality of sentencing claim in the Order Accepting the Report and Recommendation under a *de novo* standard of review. Upon further consideration of Petitioner's sentencing claim, the Court again concludes that Petitioner's claim fails because the Michigan Court of Appeals decision on Petitioner's sentence was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law.

In conclusion, Petitioner has not made a substantial showing of the denial of a constitutional right with respect to his claims and therefore should not receive any encouragement to proceed further. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for a certificate of appealability [docket entry #33] is **DENIED**. The Court further concludes that an appeal cannot be taken in good faith and thus Petitioner's motion for leave to proceed on appeal *in forma pauperis* [docket entry #32] is **DENIED**. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

Dated: March 12, 2008

s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 12, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                             B. Eric Restuccia                             , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:             Douglas Duskin             .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845